I respectfully dissent from the majority decision in this matter to reverse the Opinion and Award of the Deputy Commissioner on the grounds that under the law of North Carolina, the facts pled by the plaintiff entitle her to no relief and the Deputy Commissioner properly dismissed her claim.
In order to recover on a civil claim for negligence the claimant must prove (1) the existence of a duty to her; (2) a breach of that duty by the defendant (the named employees of defendant in a tort claim); (3) injury sustained; (4) as a proximate result of the breach of duty. Pulley v. RexHospital, 326 N.C. 701, 392 S.E.2d 380 (1990). In the instant matter, the facts as pled by plaintiff preclude her from establishing the necessary elements of negligence.
Plaintiff alleges that her accident occurred in the town of Elkin on 16 January 1989 at the intersection of Standard Street and a Norfolk Southern Railroad. Standard Street is not part of the state highway system; thus, the defendant had no duty to maintain Standard Street. Rather, the obligation to maintain Standard Street in a safe condition is upon the town of Elkin. Towns have the duty to maintain their streets in a safe condition. N.C. Gen. Stat. § 160A-296. Further, "the city shall have authority to require the installation, construction, erection, reconstruction, and improvement of warning signs, gates, lights, and other safety devices at grade crossings, and the city shall bear 90 percent of the cost thereof, and the railroad shall bear 10 percent." As evidenced by these statutes and by the town's $15,000.00 settlement with the plaintiff in this matter, the plaintiff's accident was caused by the negligence of the town of Elkin, not the defendant.
Quite simply, the defendant did not owe any duty to the plaintiff in this matter, because the defendant had no obligation to maintain the road where the accident occurred. Based on the foregoing. I respectfully dissent.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER